# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOSHUA TAYLOR CHILLOUS,

    Plaintiff,

    v.

KOVATCH MOBILE EQUIPMENT CORP.
and ONSCENE SOLUTIONS, LLC,

    Defendants.

CV 224—049

## <u>ORDER</u>

Before the Court are Defendants' motions for certification of interlocutory appeal, filed pursuant to 28 U.S.C. § 1292(b). Dkt. Nos. 97, 98.  Plaintiff has responded in opposition, dkt. nos. 99, 100, and the motions are ripe for review.

## BACKGROUND[1]

Plaintiff Joshua Chillous filed this personal injury action after two of his fingers were severed by an allegedly defective sliding cargo tray attached to a firetruck located at Kings Bay Naval Base in St. Mary's, Georgia.  Defendant OnScene Solutions, LLC ("OnScene") designed and built the cargo tray, and Kovatch Mobile Equipment Corp. ("KME") installed the tray in a firetruck KME manufactured and then sold to the Navy.

---

[1] A more extensive background can be found in the Court's recent Order addressing Defendants' motions for summary judgment.  Dkt. No. 96.

Evidence produced during discovery, viewed in the light most favorable to Plaintiff, shows that the cargo tray—specifically, its stopping mechanism—failed because the screws were too short. The evidence, again viewed in the light most favorable to Plaintiff, also shows that Defendants became aware of the hazard before Plaintiff was injured.

Plaintiff brought several claims against Defendants but eventually conceded some of those claims around the time Defendants moved for summary judgment. See Dkt. No. 96 at 27. After this paring down, the only claims at issue in Defendants' motions for summary judgment were Plaintiff's punitive damages claim against OnScene and Plaintiff's negligence claim against KME. Dkt. Nos. 53, 55. The Court ultimately denied summary judgment as to both claims. Dkt. No. 96. Now, OnScene and KME move, separately, for certification of an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b)

**LEGAL AUTHORITY**

Section 1292 provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an

2

appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

§ 1292(b).

"In order to merit interlocutory review, therefore, a *movant must point to*: (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation." Cardona v. Gen. Motors Corp., 939 F. Supp. 351, 353 (D.N.J. 1996) (emphasis added). "In evaluating these factors, 'the court must remember that . . . [a] motion should not be granted merely because a party disagrees with the ruling of the district judge.'" Id. (quoting Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983)) (citing United States v. Grand Trunk Western R.R., 95 F.R.D. 463, 471 (W.D. Mich. 1981) (denying certification because the moving party "merely questions the correctness" of the court's ruling)).

## I.   Defendant KME's Motion for Certification

In its motion for summary judgment, KME argued that the statute of limitations barred Plaintiff's negligence claim, because the cause of action accrues at the time of the alleged negligent act—here, the alleged negligent inspection in January 2015—not at the time of injury. Dkt. No. 95 at 4-5. The Court found that Plaintiff's personal injury claim accrued when he was

3

injured in June 2022, and, therefore, his lawsuit was timely filed. Dkt. No. 96 at 27.

In its motion for certification of interlocutory appeal, KME argues the Court's "ruling on the trigger event for the statute of limitation for negligent inspection misinterprets Georgia law." Dkt. No. 98 at 2. KME contends that Omstead "noted that the trigger date for negligent inspection was the date of inspection, which was the date of the breach [of duty] for calculating the start of the statute of limitation." Id. at 2 n.1 (citing BPG Inspection, LLC v. Omstead, 883 S.E.2d 593 (Ga. Ct. App. 2023)). To show immediate review by the Court of Appeals is warranted, KME states "[t]here is a substantial ground for difference of opinion regarding the controlling question of law because the Omstead cases and so many others indicate that in a negligent inspection case the limitation runs from the date of the inspection; this is the only case that has held otherwise." Id. at 3 (citing no other cases).

The Court discussed Omstead at length in its summary judgment Order; however, a recap is warranted. In Omstead, Mr. Omstead contracted with the defendant home inspection company to inspect a home and property, including a retaining wall, which Mr. Omstead and his wife desired to purchase. Omstead v. BPG Inspection, LLC, 903 S.E.2d 7, 10-11 (Ga. 2024). The contract between Mr. Omstead and the home inspection company contained a one-year limitation provision stating that Mr. Omstead could not

4

sue the inspection company after one year from the inspection, including for tort actions. Id. Over one year later, after the Omsteads had purchased the property, Mr. Omstead died when the retaining wall collapsed on him. Id. Mrs. Omstead then sued the inspection company for, among other claims, wrongful death. Id. at 11. Affirming the Georgia Court of Appeals, the Georgia Supreme Court found that the contractual one-year limitation barred Mrs. Omstead's claims as untimely. Id. at 13-14.

Despite KME's insistence, Omstead does not hold that the date of inspection triggers the statute of limitations for *all* negligence claims. In Omstead, both the Georgia Court of Appeals and the Georgia Supreme Court, on affirmance, focused on the date of inspection because the *inspection contract expressly stated*, "You may not file a legal action . . . against us or our employees more than one year *after the inspection*." 883 S.E.2d at 596; see also 903 S.E.2d at 10. Thus, the *contract*—not the court—set the "trigger date" for the statute of limitations as the inspection date. Omstead is unlike this case, because there is no *contractual* statute of limitations at play here. Thus, Georgia's personal injury statute of limitations governs.[2]

---

[2] Moreover, both the Georgia Court of Appeals and Georgia Supreme Court noted that, without a contractual provision to the contrary, the statute of limitations for injuries to the person is two years *from the date of injury*. See Omstead, 883 S.E.2d at 600 (Barnes, J., concurring) (noting that contractual limitation clauses undermine the legislatively determined limitation period of two years (citing O.C.G.A. § 9-3-33));

Further, what KME is actually arguing is not a statute of limitations issue but a statute of repose issue. "Whereas a statute of limitations establishes a time limit 'based on the date when the claim accrued,' a statute of repose bars 'any suit that is brought after a specified time since the defendant acted,' without regard to any later accrual." Sec'y, U.S. Dep't of Lab. v. Preston, 873 F.3d 877, 883 (11th Cir. 2017) (quoting Black's Law Dictionary 1636–37 (10th ed. 2014) (emphasis added)); see also Love v. Whirlpool Corp., 449 S.E.2d 602, 606 (Ga. 1994) (noting that product liability statute of repose bars, before they accrue, claims of plaintiffs whose injuries occur more than ten years after sale). Even assuming, without deciding, that Plaintiff's claims are subject to Georgia's product liability statute of repose, O.C.G.A. § 51-1-11, the claims fall within the ten-year limitations period. See Dkt. No. 53-8 ¶ 9 ("[T]he truck involved in this incident[] was manufactured by [KME] for the Department of Defense and was delivered to Kings Bay Naval Base on or about December 15, 2014."), ¶ 15 ("In September 2014, OnScene had hired a new assembling tech who was solely responsible for the assembly of the 83 Series Cargo Slide from October 2014 to March 2015."); Dkt. No. 1 (Plaintiff's complaint filed March 27, 2024).

---

Omstead, 903 S.E.2d at 13 (noting a claim for wrongful death does not accrue until death occurs (citing O.C.G.A. § 9-3-33)).

Because KME has pointed to no controlling question of law as to which there is substantial ground for difference of opinion as required by § 1292(b), it has not met its burden to show a certificate of immediate review is warranted. Accordingly, KME's motion for certification of interlocutory appeal, dkt. no. 98, is **DENIED**.

## II.  OnScene's Motion for Certification

In its motion for summary judgment as to Plaintiff's punitive damages claim, "OnScene argued that the undisputed record demonstrated that OnScene took immediate affirmative remedial steps upon discovering the potential stopping mechanism defect and that its conduct did not rise to the level of willful misconduct, conscious indifference, or the entire want of care required for punitive damages under O.C.G.A. § 51-12-5.1(b)." Dkt. No. 97 at 2.

In its Order denying summary judgment to OnScene as to Plaintiff's punitive damages claim, the Court concluded that a reasonable jury could infer from the evidence that OnScene maintained a conscious indifference to the consequences of a defective stopping mechanism during the design and testing of the product. Dkt. No. 96 at 10-11 (noting record evidence of 1) expert testimony that the screw length for the stopping mechanism fell short of general industry guidelines; 2) deposition testimony that the cargo tray was approved by non-engineers; and 3) OnScene's failure to retain documentation of

force-exertion tests or drawings/documents identifying the defective units).  The Court also concluded a reasonable jury could find that OnScene acted with a conscious indifference to the safety consequences of a known defect.  Id. at 12-13 (noting evidence of 1) OnScene's knowledge of the defective stopping mechanism in December 2014; 2) OnScene's failure to identify the truck at issue in this case; and 3) OnScene's failure to retain documents related to the cargo trays once OnScene knew of potential failures).

Now, in its motion for certification of interlocutory appeal, OnScene argues the Court's Order "raises a controlling question of law regarding the evidentiary threshold required for a punitive damages claim to survive summary judgment in a products liability action under Georgia law—specifically, whether evidence of alleged design and testing inadequacies, combined with an allegedly incomplete post-sale identification of defective units, is sufficient to create an inference of 'conscious indifference to consequences' warranting submission of punitive damages to a jury."  Dkt. No. 97 at 1-2 (quoting O.C.G.A. § 51-12-5.1(b)).

The Court concludes "[n]o pure or abstract legal question of any significant import beyond this case is at stake." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1262 (11th Cir. 2004).  "[T]he question posed [by OnScene] requires a fact-specific inquiry into whether the evidence in this case . . . is

8

sufficient to support" an award of punitive damages.  Drummond Co., Inc. v. Conrad & Scherer, LLP, 885 F.3d 1324, 1337 (11th Cir. 2018).  "To answer it would require the [Court of Appeals] to apply law to the particular facts of the case and thus to take a deep dive into this case's voluminous record."  Id.  "The purpose of § 1292(b) is not to provide interlocutory appellate review of such fact-driven issues."  Id. (citing McFarlin, 381 F.3d at 1262).  Here, what OnScene really asserts is that, "under all of the facts, the district court should have decided" that the evidence does not support an award of punitive damages.  McFarlin, 381 F.3d at 1262.  "That is not enough to upset the usual course of proceedings and permit an interlocutory appeal."  Id.  Indeed, a motion for certificate of immediate review "'should not be granted merely because a party disagrees with the ruling of the district judge.'"  Cardona, 939 F. Supp. at 353 (quoting Max Daetwyler Corp., 575 F. Supp. at 282).  Because the Court concludes OnScene has identified no controlling question of law, its motion for certification of interlocutory appeal, dkt. no. 97, is **DENIED**.  See McFarlin, 381 F.3d at 1262 ("[D]efendants simply want us to review the district court's take on the facts that reasonably could be inferred from the evidence.  That is not the purpose of § 1292(b) appeals.").

**CONCLUSION**

Defendants KME and OnScene's motions for certification of interlocutory appeal, dkt. nos. 97, 98, are **DENIED**.  The parties

9

are **ORDERED** to file a proposed consolidated pretrial order within **twenty (20) days** of the date of this Order.

SO ORDERED, this 8th day of April, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

10